IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

SHARON RENEE MCCARY-
BANISTER,
   *Plaintiff*

-vs-              SA-19-CV-00782-XR

ANDREW M. SAUL, COMMISSIONER
OF SOCIAL SECURITY;
   *Defendant*

## ORDER

On this date, the Court considered Plaintiff's Motion for Attorneys' Fees (ECF No. 24), Defendant's response (ECF No. 26), and Plaintiff's reply (ECF No. 27). After careful consideration, the Court issues the following order.

## BACKGROUND

Plaintiff Sharon Renee McCary-Banister filed her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB") under Titles XVI and II of the Social Security Act ("SSA") on November 10 and 12, 2015, respectively, alleging disability since September 16, 2015. ECF No. 16 (citing Tr. 237–47). Plaintiff's applications were initially denied on July 12, 2016, and subsequently denied upon reconsideration on January 11, 2017. *Id*. (citing Tr. 82–129). Following the denial upon reconsideration, Plaintiff requested an administrative hearing, which Plaintiff and her attorney attended before Administrative Law Judge ("ALJ") Susan Whittington on January 23, 2018. *Id*. (citing Tr. 42–81, 176).

ALJ Whittington denied Plaintiff's applications on August 28, 2018. *Id*. (citing Tr. 15–32). Plaintiff requested a review of the ALJ's decision by the Appeals Council, and the Council denied Plaintiff's request for review on March 6, 2019. *Id*. (citing Tr. 4–7). On May 4, 2019, Plaintiff

filed the instant case under 42 U.S.C.§ 405(g), seeking review of the administrative determination and requesting remand. *Id*. Plaintiff argued that ALJ Whittington had not been properly appointed based on the Appointments Clause, citing *Lucia v. SEC*, 138 S. Ct. 2044 (2018). ECF No. 13. On May 12, 2020, Magistrate Judge Elizabeth S. Chestney recommended remanding this case solely based on the Appointments Clause challenge. ECF No. 16. The Commissioner objected to the Report and Recommendation on May 26, 2020, noting the majority of district courts had agreed with the Commissioner's position regarding forfeiture of the Appointments Clause challenge if it was not raised at the ALJ and Appeals Council administrative proceedings. ECF No. 19.

On June 19, 2020, the Court issued an order adopting Magistrate Judge Chestney's Report and Recommendation that the Commissioner's decision be vacated and that the case be remanded to the Commissioner for further proceedings. ECF No. 20. The Court ordered the case be remanded for a new hearing before a new and properly appointed ALJ. *Id.* The Court did not consider and made no rulings on the merits of the ALJ's determination and tasked the new and properly appointed ALJ with considering the entire medical record, undertaking the sequential evaluation process anew, and making a new disability determination. *Id.* Plaintiff now seeks an award of attorneys' fees pursuant to the Equal Access to Justice Act for the costs expended in the litigation.

## DISCUSSION

**I.      Legal Standard**

The Equal Access to Justice Act ("EAJA") allows the recovery of litigation expenses in certain civil actions brought by or against the United States. 28 U.S.C. § 2412. A party other than the United States may recover these expenses. *Id.* § 2412(d)(1)(A). Such relief includes attorney fees and court costs. *Id*. The EAJA requires an award of fees to a claimant against the Government if: (1) the plaintiff is a prevailing party; (2) the Government's position was not substantially

justified; and (3) there are no special circumstances making the award unjust. *Sims v. Apfel*, 238 F.3d 597, 599–600 (5th Cir. 2001).

The Government has the burden of proving substantial justification. *Davidson v. Veneman*, 317 F.3d 503, 506 (5th Cir. 2003). The Government must demonstrate based on the record that it acted reasonably during the course of the litigation. *See SEC v. Fox*, 855 F.2d 247, 248 (5th Cir. 1988) ("The EAJA requires only that a government agency act reasonably."). The Government's position is "substantially justified" if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Davidson*, 317 F.3d at 506. The Government's position must have a reasonable basis both in law and fact. *Id.*

Substantial justification is a higher burden than that of sanctions for frivolousness; the standard is "not overly stringent, however, and the position of the government will be deemed to be substantially justified 'if there is a genuine dispute' … or 'if reasonable people could differ as [to the appropriateness of the contested action].'"). *Id.* (substitution in original). At bottom, the decision need only be a reasonable one. *See Fox*, 855 F.2d at 251. The fact that the ALJ's decision was reversed and remanded for further proceedings is not dispositive in the substantial justification analysis. *Lennox v. Comm'r of Internal Revenue*, 998 F.2d 244, 248 (5th Cir. 1993). Neither is the fact of the Government's success in the early stages of the case. *Davidson*, 317 F.3d at 507.

**II.   Analysis**

In an EAJA analysis, the Court must first examine whether Plaintiff is a prevailing party. Because Plaintiff won remand to the agency, Plaintiff is a prevailing party within the meaning of the EAJA. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (adopting the notion that a party is considered prevailing if it succeeds in any important aspect of the litigation and obtains some benefit).

Because the Commissioner has not advanced a special circumstances defense, the dispositive question is whether the Commissioner's position was substantially justified. The Commissioner's litigation position was that Plaintiff had forfeited the right to raise an Appointments Clause challenge in district court because Plaintiff had failed to raise it during the administrative proceedings. It is undisputed that Plaintiff failed to raise an Appointments Clause challenge at any point during the administrative proceedings.

In *Lucia v. SEC*, the Supreme Court held that ALJs must be appointed consistent with the Constitution's Appointment Clause, and a litigant who participated in a proceeding before an improperly appointed ALJ and who raised a "timely" Appointments Clause challenge to that ALJ was entitled to a new administrative proceeding before a different, properly appointed ALJ. *Lucia,* 138 S. Ct. at 2055. The Supreme Court did not define what qualified as a "timely" challenge, and the plaintiff in *Lucia* had raised a challenge during the administrative proceeding stage. *Id.* Thus, the Supreme Court in *Lucia* did not address the issue in this case—whether Plaintiff had forfeited the right to raise an Appointment Clause challenge by failing to raise it during the administrative proceedings. The Supreme Court recently opined on "what would constitute a 'timely' objection in an administrative review scheme like the SSA's" in *Carr v. Saul*, 141 S. Ct. 141 S.Ct. 1352, 1362 (2021). There, the Supreme Court held that SSA claimants are not required to raise an Appointments Clause challenge at the administrative agency level. *Id.*

Although the Supreme Court concluded that a claimant challenging the appointment of an SSA ALJ need not exhaust the challenge at administrative proceedings, this was an unsettled issue before *Carr. See id.* (explaining that *Lucia* did not address what would constitute a timely objection in SSA cases). The Commissioner raised the forfeiture argument before *Carr* was decided, when the issue was of unsettled law. ECF No. 14. At the time, the Commissioner explained that the

4

majority of district courts across the country had rejected Appointment Clause challenges to SSA ALJs where the plaintiff had failed to raise the issue during administrative proceedings. *Id.* at 12. This Court, in its opinion ordering remand, assessed the landscape of federal court opinions that had been issued post-*Lucia* and noted that "most of the lower courts have sided with the Commissioner and refused to address the merits of an Appointments Clause challenge where the claimant failed to present the argument before the ALJ or Appeals Council." ECF No. 20 at 3. However, this Court relied on Third Circuit precedent, at the time the only federal appellate court to decide a case on this topic, that "embraced [a] minority opinion" and "declined to enforce" the argument that claimants must present Appointment Clause challenges before an ALJ or Appeals Council to preserve a challenge for federal court review. *Id.* (citing *Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148 (3d Cir. 2020)).

The Commissioner is correct, however, that two other Circuit Courts addressed this issue after *Cirko* and concluded that claimants had forfeited their challenges when they failed to raise them at any time at the administrative level. *See* ECF No. 26 at 3. This split in the federal district and Circuit court levels prompted the Supreme Court to grant certiorari and eventually settle the issue with its opinion in *Carr*.

The government's position can be substantially justified when the status of law is unsettled, in flux, or one of first impression on a novel and difficult issue because the EAJA was in part designed to ensure the government is not deterred from advancing in good faith novel, but credible interpretations of the law. *See Griffon v. U.S. Dep't of Health & Hum. Servs.*, 832 F.2d 51, 52–53 (5th Cir. 1987). Because this issue was one of unsettled before the Supreme Court issued its decision in *Carr* on April 22, 2021, this Court finds that the Commissioner's legal position had a reasonable basis in law and fact during the pendency of this action. Reasonable minds, as

evidenced by the split in the federal district and Circuit Courts, could and did reach different conclusions. The Court concludes that the Commissioner's position was not unreasonable because he cited potentially unpersuasive authority to support what was at the time a viable legal theory, and therefore the Commissioner has demonstrated substantial justification for his legal position.

## CONCLUSION

The Commissioner has met his burden of proof that his position was substantially justified. Because the Commissioner based his position on what was then unsettled issues of law, an award of fees under the EAJA is not required. While ultimately the Commissioner voluntarily dismissed its appeal after the Supreme Court's ruling in *Carr,* the Commissioner acted in good faith and in a reasonable manner throughout the litigation of this action. For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees (ECF No. 24) is **DENIED**.

SIGNED this 9th day of August, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE