IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SHARON RENEE MCCRAY-BANISTER, | § § § § | |
| *Plaintiff,* | § § | SA-19-CV-00782-XR |
| vs. | § § § | |
| KILOLO KIJAKAZI, COMMISSIONER OF THE SOCIAL SECURITY DEPARTMENT; | § § § § § | |
| *Defendant.* | § | |

# **ORDER**

Before the court in the above-styled cause of action is Plaintiff's Motion and Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b) [#31]. By his motion, Plaintiff's counsel, David F. Chermol, asks the Court to award him $24,131.25 out of Plaintiff's past-due benefits award from the Social Security Administration. Having considered the motion and the Commissioner's response [#32], the Court will grant Mr. Chermol's motion.

On June 19, 2020, the Court vacated the Commissioner's decision finding Plaintiff not disabled and remanded this case for further administrative proceedings [#20]. The Commissioner appealed the final judgment of the District Court to the Fifth Circuit [#22], but the appeal was voluntarily dismissed by the Commissioner on June 3, 2021 [#23]. Plaintiff thereafter moved for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, but the District Court denied the motion, concluding that Plaintiff was not entitled to an award because the Commissioner's position was substantially justified in the litigation [#28]. Plaintiff now moves for attorney's fees under Section 206(b)(1) of the Social Security Act, codified at 42 U.S.C. § 406(b).

1

The record reflects that the Social Security Administration ("SSA") issued its final determination on remand on April 17, 2023, finding Plaintiff disabled and granting her total past due benefits of $96,536.00. (Ex. A [#31-1].) Plaintiff has already been sent a check for 75 percent of the past due benefits. Mr. Chermol now requests that the Court award him the remaining 25 percent, an award in the amount of $24,131.25.

According to Section 206(b)(1),

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, **not in excess of 25 percent of the total of the past-due benefits** to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1) (emphasis added). In considering a motion for a 406(b) fee award, the Court must decide whether the requested award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). An award of 25 percent is considered the ceiling for fees, not an amount that is automatically considered reasonable. *Id.* at 807. Where the plaintiff and his or her attorney have entered into a contingency fee agreement, the Court must review for reasonableness the fees yielded by that agreement and assess whether the fees would result in a windfall for the attorney. *Id*. at 808–09. The Fifth Circuit has not prescribed an exhaustive list of factors to consider in determining whether a fee award is unearned such that it may be considered a windfall. *Jeter v. Astrue*, 622 F.3d 371, 381 (5th Cir. 2010). It has noted with approval, however, several factors considered by lower courts, including "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee." *See id.* at 381–82. While not determinative, the existence of a contingency fee agreement indicates that the plaintiff consented to the agreed upon fee. *Id*.

2

The Commissioner filed a response to Plaintiff's motion [#32], indicating that she takes no legal position as to the appropriateness or reasonableness of the request for fees, and submits that the requested fee does not appear unreasonable. For the purposes of fee determination, the Commissioner is not a true party in interest; instead, the Commissioner's role is similar to a trustee. *Jeter v. Astrue*, 622 F.3d 371, 374 n.1 (5th Cir. 2010) (citing *Gisbrecht*, 535 U.S. at 798 n.6).

Having reviewed Mr. Chermol's motion, the supporting documentation provided, and the submission by the Commissioner, the Court finds the fee request reasonable. The record reflects that Plaintiff and Mr. Chermol entered into a contingency fee agreement, which provides that Plaintiff will pay Mr. Chermol a fee equal to 25 percent of the past due benefits awarded to Plaintiff. (Ex. B [#31-2], at 3.) Time records attached to Mr. Chermol's motion demonstrate that Mr. Chermol spent 59.8 hours on this case at the federal court level. (Ex. C [#31-3].) Based on the $24,131.25 in fees, the effective hourly attorney rate is $403.53. (*Id.*) Mr. Chermol is a disability attorney with nearly 25 years of experience and has provided effective and efficient representation, obtaining a fully favorable result for Plaintiff. Mr. Chermol's resulting effective hourly rate of $403.53 falls well within, if not below, amounts that have been approved by courts as reasonable under similar circumstances for counsel with commensurate experience. *See, e.g.*, *Aina v. Kijakazi*, No. 5:19-CV-153, 2022 WL 2959719, at *3 (S.D. Tex. June 28, 2022), *report and recommendation adopted,* No. 5:19-CV-153, 2022 WL 2954336 (S.D. Tex. July 26, 2022) (awarding fees amounting to an hourly rate of $459.78, and finding award "well within the amount typically approved by courts in the Fifth Circuit."); *Brown v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-0190-BH, 2022 WL 1156019, at *3 (N.D. Tex. Apr. 19, 2022) ("Counsel's resulting hourly rate of $480.769 falls well below amounts that have been

approved by courts as reasonable."). Additionally, Mr. Chermol charges a non-contingent hourly rate of $595.00 to his clients, which is consistent with the Department of Justice's Laffey Matrix. The resulting contingent hourly rate requested, which takes into consideration the risk of non-recovery, is reasonable. Finally, the fee request is consistent with the terms of Plaintiff's fee agreement with Mr. Chermol, which indicates her consent to the award.

In summary, the fee award requested by Mr. Chermol is reasonable, and the Court will grant the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion and Brief for Attorney Fees Pursuant to 42 U.S.C. 406(b) [#31] is **GRANTED**.

**IT IS FURTHER ORDERED** that David F. Chermol be awarded **$24,131.25** in attorney's fees to be certified for payment out of Plaintiff's past-due benefits under 42 U.S.C. 40b(b), held by the Commissioner for such purposes.

SIGNED this 26th day of May, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE